IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

STEVEN DOUGLAS GEBHART,  :
    Petitioner  :
  :
v.  :    CIVIL NO. 3:CV-15-1962
  :
  :  (Judge Conaboy)
COMMONWEALTH OF PENNSYLVANIA,  :
    Respondent  :

FILED
SCRANTON
FEB 0 8 2017
Per_____
DEPUTY CLERK

**MEMORANDUM**
**Background**

This pro se action seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. Steven Douglas Gebhart, an inmate presently confined at the Laurel Highlands Correctional Institution, Somerset, Pennsylvania (SCI-Laurel Highlands). Service of the Petition, Amended Petition, and supporting documents was previously ordered.[1]

Following a jury trial in the York County Pennsylvania Court of Common Pleas, Petitioner was convicted of insurance fraud on November 3, 2011. See Doc. 1, p. 2. He was subsequently sentenced on December 21, 2011 to a nine (9) month to five (5) year term of imprisonment.

Following a direct appeal, Petitioner's conviction was affirmed by the Pennsylvania Superior Court on February 15, 2013. Gebhart did not seek further review from the Pennsylvania Supreme Court. On January 21, 2014, Petitioner initiated an action seeking

---

[1] Petitioner unsuccessfully appealed the service order to the United States Court of Appeals for the Third Circuit.

1

collateral relief pursuant to Pennsylvania's Post Conviction Relief Act (PCRA).[2]  The PCRA petition was denied by decision dated January 13, 2015.  No appeal was taken.

Petitioner's pending action challenges the legality of his conviction on the grounds that: (1) he was provided with ineffective assistance of counsel; (2) judicial misconduct; and (3) malicious prosecution.  Presently pending is respondent's motion to dismiss the petition as being untimely.  See Doc. 15.

## Discussion

### Timeliness

Respondent's motion to dismiss asserts that there is no basis for equitable tolling, Gebhart's petition is untimely because it was not filed over 180 days past the one year  period for seeking federal habeas review.  See  Doc. 15-1, p. 7.

Section 2244(d) of Title 28 of the United States Code provides, in relevant part, as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review; ...

---

[2]  The PCRA permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions."  Hankins v. Fulcomer, 941 F.2d 246, 251 (3d Cir. 1991).

2

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

See generally, Jones v. Morton, 195 F.3d. 153, 157 (3d Cir. 1999).

The running of limitations period is suspended (statutorily tolled) for the period when properly-filed state post-conviction proceedings are pending in any state court. However, the period during which a § 2254 applicant could have filed a petition for writ of certiorari with the United States Supreme Court from denial of an application for state post conviction or other collateral relief does not defer the commencement of the limitations period. See Lawrence v. Florida, 549 U.S. 327, 333-36 (2007). Furthermore, the "one-year filing requirement is a statute of limitations, not a jurisdictional rule, and thus a habeas petition should not be dismissed as untimely filed if the petitioner can establish an equitable basis for tolling the limitations period." Jones v. Morton, 195 F.3d. 153, 159 (3d Cir. 1999), citing Miller v. New Jersey State Department of Corrections, 145 F.3d 616 (3d Cir. 1998).

Gebhart's pending § 2254 petition is dated August 27, 2015, and will be deemed filed as of that date.[3] See Houston v. Lack, 487 U.S. 266, 276 (1988)(a prisoner's action is deemed filed at the

---

[3] Respondent's reliance on the October 8, 2015 fling date of this action will not be accepted.

3

time it is given to prison officials for mailing to the Court.

It is undisputed that Petitioner sentence was imposed on December 21, 2011. Gebhart then filed a direct appeal which was denied by the Superior Court on February 15, 2013. He did not seek further review from the Pennsylvania Supreme Court. Thus, Gebhart's's conviction became final on March 17, 2013 when he failed to seek further review and the one year § 2244(d) statute of limitations began to run.

It is undisputed that Petitioner sought PCRA relief on January 21, 2014. See Doc. 15, ¶ 11. A period of 310 days expired from when the 2244(d) statute of limitations began to run to the initiation of the PCRA. The 310 day period is counted towards computation of the § 2244(d) one year period.

The PCRA petition was denied on January 13, 2015. An appeal of that adverse determination was not pursued. Thus, the limitations period was statutorily tolled from January 21, 2014 until February 12, 2015. The remaining portion (54 days) of the one year period started running as of that date. This action was initiated 196 days later, well after expiration of the one year limitations period.

It is also noted that Petitioner's pending arguments are not based a newly recognized constitutional right which the United States Supreme Court has made retroactively applicable. See § 2244(d)(1)(C). Moreover, the factual predicate of Gebhart's pending claims was discoverable at the time his sentence was

4

imposed. There is also no indication that any State action impeded Petitioner's ability to seek federal habeas corpus relief. Based upon the above undisputed factors, there is no basis for additional statutory tolling. Since this action was not initiated until August 27, 2015, it is clearly untimely.

"[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his claims diligently; and (2) that some extraordinary circumstance stood in his way. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). In Jones, the court held that a finding of equitable tolling is proper only in "extraordinary" and "rare" circumstances. Equitable tolling may be appropriate "if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." Jones, 195 F.3d at 159.

"[M]iscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001). In Johnson v. Hendricks, 314 F. 3d 159, 163 (3d Cir. 2002), the Third Circuit Court of Appeals reiterated that attorney error was not a sufficient basis for equitable tolling. Likewise, it has been established that the principles of equitable tolling do not extend to claims of excusable neglect.

5

Irwin, Dept. Of Veterans' Affairs, 498 U.S. 89, 96 (1990).

    Based upon an application of the standards announced in Pace, Jones, and Fahy, there are no facts presented or apparent from the record which could establish that Gebhart's failure to timely pursue his pending federal claims was caused by being misled by the Commonwealth, or that pursuit of those arguments was otherwise prevented in some extraordinary fashion. It is also noted that this is not a case where the Commonwealth allegedly failed to produce favorable evidence to a criminal defendant. Pursuant to the above discussion, a viable basis for a finding of equitable tolling has not been established.

    Petitioner has not established entitlement to equitable tolling and despite his entitlement to statutory tolling for the pendency of his PCRA action his § 2254 petition was filed after the expiration of the § 2244(d) limitations period. Consequently, Respondent's motion to dismiss will be granted as this matter is clearly time barred and is precluded from consideration.

*[signature]*
RICHARD P. CONABOY
United States District Judge

DATED; FEBRUARY 8th, 2017